SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
_____x
TASTE SO GOOD MAKE YOU WANNA
SMACK YOUR MAMA CORP.,
            Plaintiff,

-against-

AMERICAN EXPRESS COMPANY, JP MORGAN
CHASE BANK, N.A., and AMIR DOUGLAS
            Defendant(s),
_____x

Index No.: 812374/24

**SUMMONS**

Plaintiff designates Bronx
County as the Place of trial

Venue Basis: Place of Business

To the above-named Defendant(s).

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance and demand for a complaint, on the Plaintiff's Attorney(s) within (20) twenty days after the service of this summons, exclusive of the day of service (or within (30) thirty days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Port Chester, New York
      June 4th, 2024,

Yours, etc.,
Law Office of Reginald A. Jacobs, PLLC
By: *Reginald A. Jacobs,*
Reginald A. Jacobs, Esq.
Attorney of Plaintiff,
TASTE SO GOOD MAKE YOU WANNA
SMACK YOUR MAMA CORP.,
346 N Main Street,
Port Chester, NY 10573
(914)361-4500

Defendants' Address:
American Express Company
C/O C T Corporation System
28 Liberty Street
New York, New York, 10005

JP Morgan Chase Bank N.A.
270 Park Avenue
New York, New York, 10017

Amir Douglas
1011 Washington Blvd. #
Stamford, CT 06901

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

INDEX No.

TASTE SO GOOD MAKE YOU WANNA SMACK YOUR MAMA CORP.,

Plaintiff,

-against-

**VERIFIED COMPLAINT**

AMERICAN EXPRESS COMPANY, JP MORGAN CHASE BANK, N.A., and AMIR DOUGLAS,

Defendant(s).

---

Plaintiff by its attorneys the Law offices of Reginald A. Jacobs, PLLC complaining of the defendants above named, respectfully shows this court and alleges as follows:

**Parties**

1. Plaintiff Taste So Good Make You Smack Your Mama, Corp., (hereinafter "Taste So Good") is a domestic corporation organized and existing under the laws of the State of New York and its principal place of business located in Bronx County, New York.

2. At all times hereinafter mentioned, Taste So Good, operated as a dine-in/take out restaurant, serving communities in the Soundview/Throggs Neck area of the Bronx.

3. Upon information and belief, defendant JP Morgan Chase Bank, N.A. (hereinafter Chase) was and is a corporation duly organized and existing under and by virtue of the laws of the United States of America, lawfully doing business in the State of New York.

4. Upon information and belief, defendant American Express Financial Services, N.A. (hereinafter "Amex"), is a financial services company providing credit card and various financial services to businesses and individuals within the State of New York, and the United States of America.

3

5. Upon information and belief, Defendant Amir Douglas (hereinafter "Douglas") was and is a resident of the State of Connecticut, City of Stamford, Fairfield County.

6. Upon information and belief, defendant Amir Douglas was the holder of a credit/charge card issue by defendant American Express.

7. This is an action to recover at least $80,000.00 exclusive of pre-judgment interest, due to the plaintiff by defendant.

8. Plaintiff is a resident of Bronx County, New York.

9. Plaintiff opened and maintained a business account (the "Account") in (2020) with J.P. Morgan Chase Bank (the "Bank") at one of its branch offices located in the City of New York, county of the Bronx,

## Nature of Action
## Negligence

10. In or about January 2023, plaintiff had on deposit in the Chase business account funds totaling $26,350.47.

11. Beginning in January 2023, defendant Chase Bank allowed, permitted or caused a series of unauthorized withdrawals to be made from the Account and the same was paid to Defendant Amex on behalf of defendant Douglas.

12. Plaintiff did not authorize such withdrawals from the Chase Account, nor did they consent to such withdrawals or acquiesce in them.

13. On several dates, defendant JP Morgan allowed, permitted or caused the unauthorized withdrawal of funds totaling over $80,000.00 from the Plaintiff's bank Account and said funds were transferred to Defendant Amex on behalf of defendant Douglas.

14. On several dates, defendant Bank allowed, permitted or caused the unauthorized withdrawal of funds totaling over $80,000.00 from the plaintiff's bank account, said funds were transferred to an account maintained by Amir Douglas, at American Express.

15. Plaintiff was not negligent with regard to the unauthorized withdrawals from the Account.

16. Plaintiff did not ratify the unauthorized withdrawals.

17. Upon discovery of Plaintiff informed defendant Bank orally and in writing in a timely fashion that unauthorized withdrawals had been made from the Account.

18. Plaintiff filed a report of the unauthorized withdrawals with the Police Department of the City of New York.

19. Defendant Chase Bank admitted its wrongful conduct by refunding to plaintiff the sum of $6000.00.

20. However, defendants Amex and Douglas are indebted to the plaintiff for the balance of the Account, in the sum of $80,000.00.

### As and for a Second Cause of Action:
### Violation of Banking Law § 676

21. Plaintiff repeats paragraphs 1 through 20.

22. New York Banking Law § 676 provides as follows:

> Any withdrawal of moneys from any savings account or time deposit account maintained in any banking organization, branch of a foreign banking corporation, national bank, federal savings and loan association or federal credit union located in this state which is made

5

by means of an unauthorized signature is wholly inoperative as to the person whose name is signed unless such person has authorized or ratified such withdrawal or is precluded from denying such withdrawal because he has received a portion of the funds withdrawn, provided that in such latter event he shall be precluded from denying such withdrawal only with respect to the funds so received; provided, however, that such a signature shall operate as the signature of the unauthorized signer in favor of any such banking organization, branch of a foreign banking corporation, national bank, federal savings and loan association or federal credit union which has, in good faith, honored such withdrawal.

23. Defendant Chase is a banking organization and it honored withdrawals without the authorization, request or signature of plaintiff.

24. Furthermore, defendant Chase Bank listed a different name on the bank statement evidencing the withdrawal from the Plaintiff's bank account.

25. Defendant Chase Bank violated Banking Law § 676 when it paid out from the Account funds based on an unauthorized signatory to the account.

26. Defendant Chase Bank bears the sole burden of the loss resulting therefrom because the withdrawals are wholly inoperative as to plaintiff.

27. It is no defense that defendant Chase Bank exercised due care and diligence in ascertaining the identity of the person to whom or on behalf of whom, it paid money from the Account.

28. The statute is directly applicable to the allegations herein, in that defendant Bank wrongfully permitted an unauthorized person to sign for and make withdrawals from the Account.

29. Upon information and belief, defendant Douglas initiated the transfers from the Plaintiff's bank account to pay his charge/credit card account held by defendant Amex.

30. At no time before, during or after the transfers were initiated by Douglas did the Plaintiff authorize said payments to defendant Amex.

31. Despite repeated requests by the Plaintiff for information from defendant Amex, defendant Amex refused to either release any information regarding the transfers from Plaintiff's account and also refuses to refund the amounts fraudulently received from the Plaintiff's account.

## UNJUST ENRICHMENT

32. The Plaintiff repeats paragraph 1 through 31 as though fully set forth herein.

33. By virtue of defendants' Chase, Amex and Douglas's failure to repay plaintiff the refund of the funds fraudulently paid to the Amex on behalf of defendant Douglas, the defendants have been unjustly enriched by the balance of the funds owed to plaintiff in the amount of at least $80,000.00 at the plaintiff's expense.

34. There is no adequate remedy at law.

35. The circumstances are such that equity and good conscience requires defendants' Amex, Chase and Douglas, to repay the plaintiff for the funds fraudulently transferred by defendant Chase to defendant Amex to an account maintained by defendant Amex on behalf of defendant Douglas.

36. By reason of the foregoing, Plaintiff is entitled to a judgment against all defendants in the amount of at least $80,000.00.

WHEREFORE, Plaintiff, respectfully requests judgment in favor of Plaintiff and against all defendants as follows:

a) For an amount believed to be no less than $80,000.00, the exact amount to be determined at trial, plus judgment interest from the date of the breach.
b) For the cost and disbursements of this action.
c) For such other and further relief as this Court deems just and proper.

Dated: Port Chester, New York
June 4, 2024,

Law Offices of
REGINALD A. JACOBS, PLLC

/s/R. Jacobs
Reginald A. Jacobs
Attorney for Plaintiff
TASTE SO GOOD MAKE YOU WANNA SMACK YOUR MAMA CORP.,
346 N Main Street,
Port Chester, NY 10573
(914)361-4500

## Client Verification (Corporate Officer)

STATE OF NEW YORK )
) SS.:
COUNTY OF Westchester )

Termisha Henry, being duly sworn, deposes and says:

I am the President of **Taste So Good Make You Wanna Smack Your Mama, Corp.**, the Plaintiff in this action. I have read the within Verified complaint and know its contents; it is true to the best of my knowledge, except as to the matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The grounds of my belief as to all matters not stated upon my knowledge are documents underlying the transactions that are the subject matter of this action. I make this verification because plaintiff **Taste So Good Make You Wanna Smack Your Mama, Corp.** is a corporation. As stated above, I am an officer of Taste So Good Make You Wanna Smack Your Mama, Corp.

_____
Termisha Henry (President)

Sworn to before me this
____ day of June, 2024.

_____
Notary Public

Reginald A. Jacobs
Notary Public, State of New York
Qualified In Putnam County
NO. 02JA6220717
My Commission Expires April 19, 2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
_____ x

TASTE SO GOOD MAKE YOU WANNA
SMACK YOUR MAMA CORP.,
                        Plaintiff,

-against-

AMERICAN EXPRESS COMPANY, JP MORGAN CHASE
BANK., N.A., and AMIR DOUGLAS
                        Defendant(s),
_____ x

Index No.:

**SUMMONS and COMPLAINT**

Plaintiff designates Bronx
County as the Place of trial

Basis: Plaintiff's Place of Business

**SUMMONS and COMPLAINT**

Law Offices of
REGINALD A. JACOBS, PLLC
ATTORNEY FOR PLAINTIFF
TASTE SO GOOD MAKE YOU WANNA
SMACK YOUR MAMA CORP.,
346 N MAIN STREET,
PORT CHESTER, NY 10573
T:(914)361-4500
F:(914)361-4501
E: reginald@jacobs-esq.com

Pursuant to 22 NYCRR 130-1.1, the undersigned an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions in the annexed document are not frivolous.

   /s/
_____
Reginald A. Jacobs, Esq.

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Bronx

------------------------------------------------------------X
TASTE SO GOOD MAKE YOU WANNA SMACK YOUR MAMA, CORP.,

                              Plaintiff/Petitioner,

      - against -                                    Index No. 812374/2024
AMERICAN EXPRESS COMPANY, JP MORGAN CHASE BANK, N.A., and AMIR DOUGLAS

                             Defendant/Respondent.
------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

  **To register for e-filing or for more information about how e-filing works:**

  - visit:   http://www.nycourts.gov/efile-unrepresented  or
  - contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: September 3, 2024

Reginald A. Jacobs, Esq.
Name
Law Office of Reginald A. Jacobs, PLLC

Firm Name

346 N Main St. 2nd Fl
Address

Port Chester, NY 10573

(914)361-4500
Phone

reginald@jacobs-esq.com
E-Mail

To: American Express Company

c/O CT Corporation Systems

28 Liberty Street, NY NY 10005

JP Morgan Chase Bank, N.A.
270 Park Avenue
New York, NY 10017

Amir Douglas
1011 Washington Blvd. #
Stamford, CT 06901

6/6/18